## JOSEPH R. SCHNEIDER v. YOUNG MOTOR COMPANY.[1]

December 4, 1936.

No. 30,997.

*Clarence O. Holten,* for appellant.
*Doherty, Rumble & Butler,* for respondent.

DEVANEY, CHIEF JUSTICE.

Action for damages based upon breach of alleged oral contract of employment.

Defendant company entered into the automobile business in August, 1930, taking over another company which had occupied the same premises. Many of the employes of the former company, among them the plaintiff, were retained by the defendant. About 30 days after defendant opened its business the position of shop foreman was abolished, and the duties of that position were assigned to plaintiff, who was the company's service manager. Plaintiff continued working for the defendant company under that arrangement until February 15, 1935.

In April, 1935, plaintiff brought suit against defendant alleging that an oral contract had been made in August, 1930, by the terms of which defendant agreed to pay plaintiff an additional $25 per month for assuming the duties of shop foreman. It was also

[1]Reported in 269 N. W. 899.

alleged that defendant promised to pay this $25 per month in common stock and to repurchase the stock from plaintiff at the termination of his employment.

The case was tried to the court without a jury. The court found that the defendant had agreed to pay plaintiff $25 in common stock each month as additional salary, only a portion of which had been paid, but found that the contract contained no provision for the repurchase of the shares. Defendant moved for amended findings of fact and conclusions of law. The motion was denied, and judgment was entered for the plaintiff. This is an appeal from the judgment.

Only one question is presented: Are the findings of fact reasonably supported by the record?

Concerning the agreement made in August, 1930, plaintiff testified in his own behalf as follows:

A. "Mr. Young called me in the office and asked me if I could get along without a shop foreman. I told him I could at least try it. And if I could, why he would pay me $25 a month more salary.

Q. "And what did you say?

A. "I said I would.

Q. "Did you then undertake the duties of shop foreman?

A. "Yes.

Q. "And what became of Mr. Bibeau?

A. "I put him back to work in the shop, back on the bench.

Q. "By putting him back on the bench, do you mean that you put him back as an ordinary mechanic?

A. "Yes.

Q. "And as an ordinary mechanic what was the basis of his pay?

A. "He was getting 75 cents an hour.

Q. "And he was paid by the hour, was he?

A. "Yes.

Q. "Were you paid the $25 a month additional that was promised you at that time?

A. "No.

Q. "Did you have any further conversation with Mr. Young shortly afterward?

A. "Well, shortly after that, yes, Mr. Young told me that he was giving me this $25 a month in the form of stock and making me an officer of the company.

Q. "He said he was giving you the $25 a month in the form of stock?

A. "Yes.

Q. "Did you say anything in answer to that?

A. "Well, yes, I accepted it.

Q. "You told him that would be all right?

A. "Yes."

It appears that there was issued to plaintiff by defendant two shares of stock on December 24, 1931, one share on December 31, 1931, and three shares on January 4, 1933. Shortly after the issuance of the first two shares, J. R. Young, president of defendant company, sent to plaintiff a letter which read in part as follows:

"The two shares of stock which I gave you some time ago represent the first step toward becoming a stockholder in this concern. It is my plan to give you $25 per month in stock in addition to your present salary. This, I consider, will not only provide you with a handsome savings plan but also provide a source of increased income year after year, as your stock increases in value and dividends declared.

"My only hope is that you continue your good work during the coming year and realize that through your efforts, as well as mine, we will both profit.

"The stock which you have already received represents your bonus for the year 1931. Its present value is approximately $175 per share. On January 1st of each year you will be presented with a like amount, plus the dividends declared."

On behalf of the defendant there was evidence tending to contradict that produced by plaintiff. But, considering the testimony of the plaintiff in the light of corroborating circumstances herein related, we are compelled to conclude that the record amply sup-

ports the court's finding that the parties entered into an oral contract by which defendant agreed to pay plaintiff $25 additional each month in common stock in return for plaintiff's assuming the duties of shop foreman in addition to his regular duties, and that defendant failed to pay plaintiff according to the terms of said agreement. The evidence being in conflict, the inferences to be drawn therefrom were for the court sitting as a trier of fact, and an examination of the record reveals that this court would not be justified in disturbing its decision.

We have not overlooked the fact that the trial court found against plaintiff's claim that defendant agreed to repurchase the stock to be issued under the oral contract. Even though plaintiff testified that the agreement to repurchase was reached during the same conversation concerning the other terms of the contract, we do not agree with defendant's contention that the trial court could not in sound reason find that an oral contract existed and also find that it contained no agreement to repurchase the stock.

Plaintiff testified that Mr. Young "told me at the time that the stock I was getting, that at any time I left the organization, I could get my money back for it." The trial court could well find that this statement was not intended as a promise to repurchase the stock but was said merely to assure plaintiff that the stock would easily be worth the amount represented whenever plaintiff wished to dispose of it; moreover, plaintiff's testimony on this point is not corroborated as is his testimony concerning the other terms of the oral agreement.

We conclude that there is no basis for claim of error on the part of the trial court.

The judgment is affirmed.

Mr. Justice Loring took no part in the consideration or decision of this case.